# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Heins,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>　　　　　　Defendant.<br>_____ | No. CV 05-1242 PHX JAT (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court is a Motion to Dismiss the Complaint for Failure to Exhaust Administrative Remedies [Docket No. 6] filed by Defendant Maricopa County. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant the pending motion.

**A.    Background**

Plaintiff, who at the time of the events giving rise to his claims was jailed at the Estrella Jail in Phoenix, Arizona, filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on April 25, 2005, alleging that the jail is severely overcrowded, he is exposed to contagious diseases, he receives contaminated food, and that the living conditions are unsanitary. On August 1, 2005, Defendant Maricopa County has filed a motion to dismiss the amended complaint for failure to exhaust administrative remedies. Plaintiff has

not responded and the docket reflects that mail from the Court has been returned as undeliverable.

The administrative process that the Defendant contends has not been exhausted is the Inmate Grievance Procedure, Policy Number DJ-3, which is attached to the Defendant's Motion as Exhibit 2A. The Grievance Procedure describes three levels of redress. First, the inmate must submit a Grievance Form to a detention officer for resolution by the officer, shift supervisor, or hearing officer. Second, if an inmate decides to appeal, he is provided an Institutional Grievance Appeal Form which is submitted to the jail commander. Third, if the inmate remains dissatisfied, he is informed of the right to pursue an External Grievance Appeal to be decided by an external referee. *Inmate Grievance Procedure*, ¶¶ 1-7. Only upon conclusion of this procedure is the inmate permitted to file a complaint in the Federal District Court. *Id.*, ¶ 8.

In this case, Heins filed four separate grievances raising the issues about which he complains. Each of these agreement are attached to Defendant's Motion as Exhibit 1. In grievance number 2005-05492, dated April 17, 2005, Heins complained of overcrowding and unsanitary conditions. This grievance was not appealed beyond the shift supervisor's action and was signed-off by Heins as informally resolved. In grievance number 2005-05960, dated April 17, 2005, Heins complained of unsanitary conditions in the shower and sink area. This grievance was not appealed beyond the shift supervisor's action and appears to have been resolved. In grievance number 2005-06753, dated May 12, 2005, Heins complained of unsanitary conditions. This bureau hearing officer responded to this grievance and it was not appealed beyond that level. Grievance number 2005-06754, in which Heins again complained of overcrowding, was dismissed by the bureau hearing officer as repetitive to 2005-06753 and was not appealed beyond that level.

**B.     Discussion**

   **1.     Failure to Respond**

The docket reflects that Plaintiff has failed to respond to the Motion to Dismiss, that mail from the Clerk has been returned as undeliverable due to his release, and that he has not provided a change of address. In Judge Teilborg's order dated May 2, 2004, Plaintiff was warned that the failure to file a Notice of Change of Address "may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Additionally, Local Rule Civil 7.2(i) provides that a plaintiff's failure to timely respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i).

   **2.     Exhaustion of Administrative Remedies**

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment. *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *See id.* at 1119-20.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and not merely directory. *See Porter v. Nussle,* 534 U.S. 516 (2002). All available remedies must be exhausted and those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *See id.* Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in

grievance proceedings, such as money damages. *See id.* at 988, 992; *Booth v. Churner,* 532 U.S. 731, 741 (2001).

Here, there is no indication that Heins exhausted all remedies available to him. His appeals never reached the institutional or external review levels. As such, the Defendant has satisfied its burden to establish that Plaintiff has failed to exhaust his administrative remedies in relation to his claims. 42 U.S.C. § 1997(e)(a).

**C.     Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** the Motion to Dismiss [Docket No. 6] filed by Defendant Maricopa County, and **dismissing** this matter without prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-1242-PHX-JAT**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 22nd day of November, 2005.

Jacqueline Marshall
United States Magistrate Judge

4