**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Heins,                    ) | No. CV 05-1242-PHX-JAT |
|                                  ) | |
| Plaintiff,            ) | **ORDER** |
|                                  ) | |
| vs.                              ) | |
|                                  ) | |
| Maricopa County,                 ) | |
|                                  ) | |
| Defendant.          ) | |
|                                  ) | |

Pending before the Court is the Defendant's Motion to Dismiss (Doc. # 6). The Court now rules on the motion.

I.      Background

Plaintiff, Robert Heins, files this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint alleges that he was subjected to overcrowding, contagious diseases, contaminated food, and unsanitary living conditions when he was detained at Estrella jail in Phoenix, Arizona. The Defendant moves to dismiss the Plaintiff's Complaint on the basis that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.

In support of its Motion to Dismiss, the Defendant has provided the Court with: (1) copies of the inmate grievance procedures that were provided to the Plaintiff; (2) copies of the rules and regulations for inmates that were provided to the Plaintiff; (3) copies of all grievance forms submitted to the Defendant by the Plaintiff; (4) affidavit from a relevant

1  employee avowing that the Plaintiff's grievances were each individually resolved and that the
2  Plaintiff did not further appeal his grievances at the internal or external levels.
3    The Plaintiff failed to respond to the Defendant's Motion to Dismiss.
4    Magistrate Judge Jacqueline J. Marshall filed her Report and Recommendation on
5  November 22, 2005, recommending that the Defendant's Motion to dismiss be granted on the
6  ground that the Plaintiff failed to exhaust his administrative remedies. The Report and
7  Recommendation was mailed to the Plaintiff on November 23, 2005.  On December 13,
8  2005, after the time for filing objections had passed, the Plaintiff filed a one page *letter*
9  objecting to the dismissal of his case, but failing to address the substantive issues raised in
10 the Magistrate Judge's Report and Recommendation.
11 II. Discussion
12   A motion to dismiss for a failure to exhaust non-judicial remedies is a
13 "non-enumerated" Rule 12(b) motion.  *Ritza v. Int'l Longshoremen's and Warehousemen's*
14 *Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam).  In deciding a motion to dismiss for
15 a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and
16 decide disputed issues of fact.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).
17 If the court concludes that a prisoner failed to fully exhaust the non-judicial remedies, the
18 proper remedy is dismissal without prejudice.  *Id.* at 1120.
19   The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought
20 with respect to prison conditions under section 1983 of this title, or any other federal law, by
21 a prisoner confined in any jail, prison, or other correctional facility until such administrative
22 remedies as available are exhausted."  42 U.S.C. § 1997(e)(a).  The exhaustion requirement
23 creates an affirmative defense, meaning the defendants have the burden of raising and
24 proving non-exhaustion of the claims.  *Wyatt*, 315 F.3d at 1113.  The exhaustion requirement
25 applies to all inmate suits concerning prison life.  *Porter v. Nussle*, 534 U.S. 516, 532 122
26 S.Ct. 983, 992 (2002).  The inmate must complete the administrative procedure, regardless
27 of the relief available.  *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).
28

1    The Report and Recommendation points out that this Court's May 02, 2004, Order
2 admonished the Plaintiff that failure to respond "may result in the dismissal of the action for
3 failure to prosecute pursuant to Rule 41(b) for the Federal Rules of Civil Procedure."  The
4 Magistrate Judge further warned the Plaintiff that Local rule 7.2(i) provides that a plaintiff's
5 failure to timely respond to a motion may be deemed a consent to the granting of the motion
6 and the court may dispose of the motion summarily.  Additionally, in her Report and
7 Recommendation, the Magistrate Judge advised the Plaintiff that he had 10 days from the
8 date of service of a copy of the Report and Recommendation within which to file specific
9 written objections with the Court.  The plaintiff filed a one page letter generally objecting to
10 the dismissal of his case, but failing to address any of the substantive issues raised by the
11 Magistrate Judge in the Report and Recommendation, or in the original Motion to Dismiss
12 filed by the Defendant.

13    The Plaintiff, by his complete failure to respond to the Motion to Dismiss, fails to
14 provide any evidence that he exhausted the administrative remedies provided to him.
15 Although it appears that the Plaintiff did file grievances, they were never pursued to the
16 internal or external review levels.  Therefore, dismissal without prejudice is appropriate.

17 III.    CONCLUSION

18    Having independently reviewed the record, the Court finds itself in agreement with
19 the Report and Recommendation of the Magistrate Judge.  Accordingly,

20    IT IS ORDERED ADOPTING the Report and Recommendation of the Magistrate
21 Judge (doc. # 9) as the Order of this Court.

22    IT IS ORDERED GRANTING the Defendant's Motion to Dismiss (doc. # 6) and
23 dismissing this action without prejudice.

24    DATED this 19th day of December, 2005.

25
26                                                                    James A. Teilborg
                                                                      United States District Judge
27
28